**Jacqueline L. WASHINGTON–THOMAS, Petitioner,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. 03–3036.

United States Court of Appeals, Federal Circuit.

DECIDED: May 21, 2004.

Michael S. Dufault, Principal Attorney, Donald E. Kinner, Monica J. Palko, David M. Cohen, Virginia G. Farrier, of Counsel, Washington, DC, for Respondent.

Charles T. Mantei, of Counsel, Mantei & Associates, Mayra L. Gonzalez, of Counsel, Miami, FL, for Petitioner.

Before MAYER, Chief Judge, LOURIE and GAJARSA, Circuit Judges.

Opinion for the court filed PER CURIAM. Circuit Judge LOURIE dissents.

PER CURIAM.

Jacqueline L. Washington–Thomas seeks review of the final decision of the

Merit Systems Protection Board dismissing her appeal as settled. *Washington–Thomas v. Dep't of Veterans Affairs,* No. AT0752010577–I–1, 93 M.S.P.R. 308, 2002 WL 31188810 (M.S.P.B. Aug. 28, 2002). Because the record and the findings of the board are insufficient for us to determine whether an oral settlement agreement was entered into, we *vacate* the decision and *remand* the case to the board for further consideration.

The administrative judge's Initial Decision stated that she was "present through all of the discussions when the settlement was reached. . . ." The agency does not dispute, however, that she was absent from part of the afternoon proceedings and the record before us does not indicate what transpired during her absence. The parties dispute the consequences, if any, that the administrative judge's absence had on settlement negotiations. Washington–Thomas claims negotiations broke down after the administrative judge's departure and that the parties reached an insurmountable impasse with respect to some material issues. The government disagrees, and the board does not address this facet of the proceedings.

The board also does not address other aspects of the case that appear to be material. The record is devoid of any discussions of the alleged pending EEO complaints. The agency argues that Washington–Thomas failed to point to any evidence in the record that she had filed her EEO complaints with the board or that the board had jurisdiction to consider such complaints. Standing alone, the absence of findings with respect to the EEO complaints would likely not sway our decision. But the board also fails to address the administrative judge's absence, and at least one other aspect of the alleged agreement. Washington–Thomas contends that either the agency misrepresented the type of disability benefit available, or the agency was in doubt about the benefits for which she would be eligible. The board did not decide whether this term was material or whether the parties lacked a mutual understanding about the benefits. If the term was material, and the parties had not yet reached a final understanding, then mutuality of assent may have been lacking. Without addressing the underlying factual issues, the board expressed the ultimate conclusion that the parties entered into a binding settlement agreement terminating all aspects of the dispute. The formation of a contract requires "a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." Restatement (Second) of Contracts § 17(1) (1981). The present record is insufficient for us to determine whether there existed mutuality of assent and consideration for a binding oral agreement.

LOURIE, Circuit Judge, dissents.